UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CURTIS WATSON,

    Plaintiff

v.

GEICO CHOICE INSURANCE COMPANY,

    Defendant

Case No.: 2:18-cv-01440-APG-NJK

**ORDER REMANDING CASE TO STATE COURT**

Defendant GEICO Choice Insurance Company (GEICO) removed this case on the basis of diversity jurisdiction. ECF No. 1. It did not appear to me that the damages at issue met this court's minimum diversity jurisdiction amount. Therefore, I ordered the parties to file separate or joint briefs offering any information they believe is relevant to the valuation of damages. Only GEICO responded. I find there is not sufficient evidence to justify this court's exercise of diversity jurisdiction over this case, so I will remand it to state court.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th

Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"If the complaint filed in state court alleges damages in excess of the required federal jurisdictional amount, remand is warranted only if it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 n.8 (9th Cir. 2006) (citation omitted). *See also St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

All the evidence and allegations before me show, to a legal certainty, that the amount at issue is less than $75,000. Although the complaint alleges that the probable jury award "will far exceed $75,000.00" (ECF No. 1 at 5), the facts in no way support that allegation. Plaintiff Watson was involved in a car accident, incurred $17,524.71 in medical bills, and received $11,266.09 from the underinsured tortfeasor. *Id.* at 8, 10. That leaves approximately $6,000.00 in unpaid medical bills. Watson's policy with GEICO has a limit of $15,000. *Id.* at 8. At most, the contractual damages available to Watson are $15,000.

Moreover, the parties have offered no facts supporting a claim to punitive damages, let alone in an amount approaching $75,000. The complaint simply states that GEICO refused to pay the $15,000 policy amount in full, but it offered to pay a lesser amount. ECF No. 1 at 10. The naked allegation that GEICO's response was unreasonable is insufficient to demonstrate any entitlement to punitive damages. But even in the unlikely event that punitive damages are awarded, they would not approach the $75,000.00 jurisdictional threshold, given the small amount of unpaid medical bills and GEICO's response to the demand.

GEICO points to Watson's pre-litigation settlement demand of $75,000. ECF No. 11 at 2. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Based on the small amount of unpaid medical bills and the $15,000 policy limit, that settlement demand is not a reasonable estimate of the value of Watson's claims. It plainly was inflated for purposes of negotiating a resolution.

Based on my judicial, legal, and practical experience and common sense, it appears to a legal certainty that the amount at issue in this case is less than the jurisdictional minimum of $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679. Consequently, I remand this action to state court.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed. The Clerk of Court is directed to close this file.

DATED this 21st day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE